UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 7 |
|---|---|
| **Lucas A. Bala,** | Bankruptcy No. 15-16993 |
| Debtor. | Honorable Donald R. Cassling |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Tuesday**, **March 15, 2015 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling in his usual Courtroom 619, in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there present *Trustee's Motion to Approve Sale Free and Clear of Liens, Encumbrances and Interests and Shorten Notice* a copy of which is attached hereto and herewith served upon you.

Dated: March 8, 2016

Respectfully submitted,

**Miriam R. Stein**, not individually, but as Chapter 7 Trustee of the bankruptcy estate of **Lucas A Bala**

By: /s/     *Zane L. Zielinski*
   One of her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com

{00048127}

# Certificate of Service

Pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused on **March 8, 2016**, a copy of the foregoing *Notice of Motion* and the accompanying *Trustee's Motion to Approve Sale Free and Clear of Liens, Encumbrances and Interests and Shorten Notice* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List and via U.S. mail on all creditors (without exhibit A). A copy of the exhibit is available upon request.

/s/ *Zane L. Zielinski*

**Mailing Information for Case** 15-16993

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Robert R Benjamin**   rrbenjamin@golanchristie.com, lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com
- **Beverly A Berneman**   baberneman@golanchristie.com, lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;tfalligant@golanchristie.com
- **David H Cutler**   cutlerfilings@gmail.com
- **Jordan D Greenberg**   jordangreenberg@jgreenberglawgroup.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Miriam R Stein**   mstein@chuhak.com, dgeorge@chuhak.com;mstein@ecf.epiqsystems.com;IL82@ecfcbis.com
- **Timothy R Yueill**   timothyy@nevellaw.com

**Manual Service List**

| | |
|---|---|
| **Ridgestone Bank**<br>c/o Edmond M. Burke<br>30 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606 | **Devry Inc**<br>814 Commerce Dr Ste 100<br>Oak Brook, IL 60523 |
| **Capital One Bank (USA), N.A.**<br>PO Box 71083<br>Charlotte, NC 28272-1083 | **American InfoSource LP as agent for Verizon**<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 |
| | **Zofia Toczek**<br>17 Portshire Drive<br>Lincolnshire, IL 60069 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

**Lucas A. Bala,**

         Debtor.

Chapter 7

Bankruptcy No. 15-16993

Honorable Donald R. Cassling

**TRUSTEE'S MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS,
ENCUMBRANCES AND INTERESTS AND SHORTEN NOTICE**

Miriam R. Stein (the "Trustee"), not individually, but as the chapter 7 trustee of the bankruptcy estate of Lucas A. Bala (the "Debtor"), respectfully requests that the Court enter an order pursuant to section 363(f) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure approving the sale contract between the Trustee and James Detlaf (the "Buyer") attached hereto as **Exhibit A** (the "Sale Contract"), related to the sale of the property commonly known as 1050 W 32nd. St., Unit 2A Chicago IL (the "Real Estate"). In support of this motion, the Trustee respectfully states as follows:

**JURISDICTION**

1.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.    Venue of the above-captioned case (the "Case") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

**THE PROPERTIES**

4.    On May 13, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), which initiated the bankruptcy case captioned *In re Lucas A. Bala* and docketed as Case No. 15 B 16993 (the "Bankruptcy Case").

5. Miriam R. Stein is the duly appointed and qualified Chapter 7 Trustee.

6. The Debtor, together with Teresa Bala, purchased the Real Estate.

7. The Debtor and Teresa are married but legally separated and are in the process of finalizing their divorce.

8. They own the Real Estate as joint tenants with each of the Debtor and Teresa Bala holding a 50% interest in each of the Properties.

9. The Real Estate is encumbered by a recorded mortgage from the Debtor and Teresa to Ridgestone Bank. Ridgestone Bank has filed a Proof of Claim in the Chapter 7 proceedings showing a balance due of $92,374.29, Claim # 1-1 (the "Ridgestone Secured Claim").

10. The Trustee and Teresa agreed to liquidate the Real Estate, pursuant to a Settlement Agreement previously approved by this Court.

11. Under the terms of the Settlement Agreement, the sale of the Real Estate will be used to pay the Ridgestone Secured Claim, with any remaining proceeds to be split between the Trustee and Teresa Bala.

12. Based on the Sale Contract and the reasonable closing costs, the Trustee has determined that there will be no remaining proceeds to pay to Teresa Bala.

13. The Trustee believes that the sale of Unit 2B will be sufficient to pay any remaining portion of the Ridgestone Secured Claim, and Teresa Bala will receive Unit 3B free and clear of Ridgestone Secured Claim at the time of the sale of Unit 2B pursuant to the terms of the Settlement Agreement.[1]

14. The Trustee retained Eric Janssen and Real Living City Residential f/k/a Chicago Real Estate Resources as her broker for the sale of the Real Estate (collectively, the "Broker"). The Buyer's commission is calculated as 5% of the gross sale price.

15. On or about March 7, 2016, the Trustee received the Sale Contract from the Buyer offering to buy the Real Estate for $95,000 (the "Purchase Price").

16. Pursuant to the terms of the Purchase Agreement, the Buyer deposited an initial $2,500 in earnest money, and have requested a closing before the end of March.

---

[1] At the time the Trustee sell Unit 2B, the Trustee will tender a new title policy to Teresa Bala indicating that Unit 3B is free and clear of the Ridgestone mortgage.

**RELIEF REQUESTED**

17. Pursuant to 11 U.S.C. §§ 363(f), the Trustee respectfully requests the entry of an order authorizing the Trustee to sell the Property to the Buyers on the terms set forth in the Purchase Agreement, free and clear of any encumbrances, liens or interests, including the mortgage lien of Ridgestone Bank, and the interest of Teresa Bala.

18. Pursuant to the terms of the Settlement Agreement, the Trustee requests that the Trustee be authorized to execute any and all documents necessary to transfer the Real Estate to the Buyer free and clear of the claims and interest of Ridgestone Bank, Teresa Bala, and any applicable condominium association.

19. The Trustee further requests authority to pay at the time of and from the proceeds of the closing, the following: (i) any unpaid real estate taxes; (ii) the real estate commission owed to the Broker in the amount of $4750; (iii) the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, recording charges, transfer tax, survey, and utility reimbursement; (iv) any unpaid condominium association charges; and (v) all remaining proceeds to Ridgestone Bank to reduce the amount of Ridgestone Secured Claim.[2]

**BASIS FOR APPROVING SALE CONTRACT**

20. In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g., In re Olde Prairie Block Owner, LLC*, 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler,* 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005).

21. The Seventh Circuit has held that such a sale may be approved where the trustee has an "articulated business justification." *In re Schipper,* 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.,* 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

22. Moreover, a trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *Id., In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992). The paramount goal in any proposed sale of property of the estate is to maximize the estate. *See, e.g., Corp. Assets, Inc. v. Paloian*, 368 F.3d

---

[2] At this time it is uncertain the exact amount that will be paid to Ridgestone Bank on account of its secured claim, but it is anticipated that it will be in excess of $75,000

761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle . . . is to secure the highest price for the benefit of the estate and creditors).

23. The Trustee respectfully submits that in the exercise of her business judgment, the Sale Contract is both fair and equitable and in the best interests of the Debtor's estates.

## NOTICE

24. The Trustee has served at seven days written notice of this motion on the six creditors that timely filed a proof of claim. The Trustee requests the shortened notice in order to facilitate a closing on the sale of the Real Estate by the end of March.

**Wherefore**, the Trustee respectfully requests that this Court to enter an order:

A. Approving the Trustee's sale of the real estate commonly known as 1050 W 32nd. St., Unit 2A Chicago IL to the Buyer for the Purchase Price, free and clear of all liens, encumbrances, and interests including free of the interests of Ridgestone Bank and Teresa Bala;

B. Authorizing and approving the Trustee to pay from the sale proceeds from the Real Estate: (i) any unpaid real estate taxes; (ii) the real estate commission owed to the Broker in the amount of $4750; (iii) the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, transfer tax, survey, utility reimbursement, and real estate tax pro-rations, if any; (iv) any unpaid condominium association charges; and (v) all remaining proceeds to Ridgestone Bank to reduce the amount of Ridgestone Secured Claim.

C. Authorizing the Trustee to execute any documents as may be reasonable and necessary to consummate the sale of the Real Estate to the Buyer, including but not limited to executing a deed transferring the Property to the Buyer on behalf of the Debtor and Teresa Bala;

D. Determining the notice given of the Motion to be sufficient, and that no further notice is required; and

E. Granting such other and further relief as this Court deems fair and just;

Dated: March 8, 2016　　　　　　　　　　　　Respectfully submitted,

**Miriam R. Stein**, not individually, but as Chapter 7 Trustee of the bankruptcy estate of **Lucas A Bala**

By: /s/     *Zane L. Zielinski*
　　One of Her attorney

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
　　ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com